Filed 11/9/20  P. v. Stilley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ALEX STILLEY,<br><br>        Defendant and Appellant. | C091019<br><br>(Super. Ct. No. 19FE004815) |

      Appointed counsel for defendant Alex Stilley asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

      We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

# FACTS AND PROCEEDINGS

After defendant caused a disturbance at a gas station, making threats and beating on cars, he ran away down the street toward Juan Palomares's stopped pickup truck. He threw a bicycle into the bed of the truck, jumped inside the cab of the truck, and demanded that Palomares drive North. When Palomares refused, defendant said he would kill him one way or another. He then jumped over Palomares, opened the driver's door, and pushed Palomares out. Another driver in the area at the time later identified defendant as the person in the driver's seat of Palomares's pickup truck. A second driver in the area, Justin Besotes, witnessed the incident and took a photograph of Palomares's truck. Defendant tried to drive the truck away but was boxed in. Besotes called 911. When the light changed, defendant drove away and Besotes followed.

California Highway Patrol (CHP) Officer David Harris responded to the call of a carjacking of Palomares's pickup truck. He saw the pickup truck on the highway and followed. The truck was traveling at about 80 miles per hour, jerking from side to side in the lane. Defendant took his shirt off while driving and threw it out the window. Harris activated his lights and siren and followed defendant for approximately 19 miles. The driver continued at speeds between 80-90 miles per hour, wove in and out of traffic, drove on the shoulder, and tailgated other vehicles. Approximately 16 miles into the pursuit, the Woodland CHP office took over. As those officers pursued defendant, CHP Officer Robert Sanchez deployed a spike strip. The truck ran over the spike and the front tire was deflated. Defendant was taken into custody. He appeared agitated, forced his way out of the patrol car, and the officers placed him in leg restraints. A bag containing .38 grams of methamphetamine was recovered from the truck.

The trial court determined defendant was competent to stand trial. A jury found defendant guilty of carjacking (Pen. Code, § 215, subd. (a)—count one), and reckless evasion of a police officer (Veh. Code, § 2800.2, subd. (a))—count two).

The trial court sentenced defendant to an aggregate term of five years eight months in prison and awarded him 290 days of presentence custody credits.  Noting defendant was indigent, the trial court struck all fines and fees, other than $4,200 in direct victim restitution.  The People did not object.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We did, however, find a clerical error that requires correction.  The trial court sentenced defendant to a term of five years eight months.  The abstract of judgment correctly reflects this sentence under section 1, but under section 8 "TOTAL TIME" the abstract indicates a total term of five years four months.  "The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. [Citations omitted.]"  (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)  Accordingly, the trial court must prepare a corrected abstract of judgment reflecting the TOTAL TIME of five years eight months.  (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  The clerk of the superior court shall prepare an amended abstract of judgment reflecting sentence of five years eight months and forward a certified copy to the Department of Corrections and Rehabilitation.


_____

HULL, J.


We concur:


_____

RAYE, P. J.


_____

MAURO, J.